# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-255-RJC-DCK

| | |
|---|---|
| **CAROLINA-GULF PACKAGING, L.L.C.,** ) ) ) **Plaintiff,** ) ) v. ) ) **STEPHANIE DENNIS KREEB**, ) ) **Defendant.** ) _____) | **CONSENT PROTECTIVE ORDER** |

The parties move the Court for entry of a this Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("confidential materials"), and ensure that protection is afforded only to material so designated.

IT IS HEREBY ORDERED THAT:

1. <u>General Scope of the Agreement</u>. This Consent Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to

1

which protection is sought in accordance with this Agreement. The following documents and/or information may be designated as "Confidential" pursuant to this Order: (a) medical records or other health-related information; (b) personal information about Plaintiff's employees, including but not limited to: social security numbers, tax information, personnel records, and health insurance information; and (c) confidential or proprietary business and personal information, including but not limited to, proprietary, sensitive or competitive business information, financial information, income tax returns, balance sheets, profit and loss statements.

2. <u>Designation as Confidential.</u> Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

3. <u>Procedure for Designating Information as Confidential.</u> Parties may designate confidential materials in the following manner:

    (a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

    (b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information, or by referencing the confidential nature of the

documents or information in the narrative response to the discovery request. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential";

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

4. <u>Restricted Use of Information.</u>

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 through 3 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action) and any mediator in this litigation;

(ii) counsel for the parties, their staff members, their professional and para-professional employees;

(iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

3

(iv) the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation;

(v) any witness who may testify at a deposition or trial with respect to Confidential Information; or

(v) by mutual consent.

(b) Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of confidential material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

5. <u>Acknowledgment of Agreement</u>. All persons to whom confidential material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. <u>Inadvertent Disclosure.</u> In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again,

with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced. No disclosure of such documents or materials prior to their designation as "Confidential" shall be deemed a violation of this Order.

7. <u>Use of Confidential Materials in this Case.</u> Nothing in this Agreement shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 through 3 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any confidential material is filed with the court, counsel filing the confidential material shall file it under seal in accordance in accordance with Local Rule 6.1.

8. <u>Challenging Confidentiality.</u> Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is confidential material. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If Counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

5

9. <u>Right to Object.</u>  Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds.  Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown.  All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant.  Nothing contained herein shall prevent a party from seeking modification to this Order.

10. <u>Disclosure.</u>

(a) Nothing contained herein shall prevent a party from disclosing, revealing or using any documents, material or other information which is already lawfully in the possession of that party or which that party lawfully obtains from any source other than the opposing party, and this Order shall not otherwise apply to such documents, material or other information.

(b) Nothing in this document shall prevent any party from producing any document or information in his, her, or its possession in response to a lawful subpoena or other compulsory process, provided that notice shall be given to the other party prior to the date that the party subpoenaed is required to respond to the subpoena or other compulsory process in which materials designated confidential are sought.

11. <u>Ultimate Disposition of Confidential Information.</u>  All confidential material shall be returned to the producing party within ninety (90) days of the conclusion of this civil lawsuit, including conclusion of any appeal.  However, the EEOC, at its election, may destroy the confidential material in the normal course of its business and in accordance with its document

retention procedures. Ultimate disposition of confidential materials shall be subject to a final order of the Court on the completion of litigation.

      12. <u>Modification of the Agreement.</u> In the event of further proceedings in this action, if any of the parties hereto believe that this Agreement unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Agreement.

      13. <u>Protection of Copies.</u> All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Agreement as the confidential material from which such copies, extracts or summaries were prepared, if properly designated.

      14. <u>Notices.</u> Notice required under this Agreement shall be in writing and provided to the attorneys for the parties listed below. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

      15. <u>Effective Date.</u> This Agreement shall be effective immediately and shall survive the conclusion of this lawsuit.

      IT IS SO ORDERED.

Signed: December 21, 2012

David C. Keesler
United States Magistrate Judge

AGREED TO:

*s/G. Bryan Adams, III*_____
G. Bryan Adams, III (N.C. Bar No. 17307)
VAN HOY, REUTLINGER, ADAMS & DUNN, PLLC
737 East Boulevard
Charlotte, North Carolina 28203
Telephone: 704-375-6022
Fax: 704-375-6024
Email: bryan.adams@vradlaw.com
**ATTORNEYS FOR PLAINTIFF**


*s/N. Renee Hughes*_____
N. Renee Hughes (N.C. Bar. No. 28587)
Gardner & Hughes PLLC
1701 South Boulevard
Charlotte, NC 28203
Telephone: 704-285-7111
Fax: 704-285-7109
Email: renee@gardnerandhughes.com

**ATTORNEYS FOR DEFENDANT**